IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

                Plaintiff,

  v.

SCOTT HETH, ROBERT SCHENCK, TROY
HERMANS, SECURITY GUARD HANSEN, R.N.        OPINION & ORDER
GRAY, SECURITY GUARD TRAAS, SECURITY
GUARD KOHLOFF, MS. JACKIE, ANN KRUEGER,        17-cv-693-jdp
WELCOME ROSE, CHARLES COLE, CHARLES
FACKTOR, KAREN GOURLIE, MS. CHRISTIAN,
BECKY RASMUSSEN, and at least one JOHN DOE
AND JANE DOE,

                Defendants.

---

Plaintiff Thomas W. Zach, a former Wisconsin Department of Corrections inmate appearing pro se, has filed this proposed civil action about prison officials retaliating against him in various ways while he was incarcerated. In particular, he alleges that they withdrew funds to pay for restitution even though his sentencing court did not order those funds to be withdrawn, and that they made him sleep on an unsafe upper bunk even though they knew that he had limited mobility following a back injury. The court has already concluded that Zach may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen Zach's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening a pro se litigant's complaint, I must read the allegations of the

complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept Zach's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing the complaint with these principles in mind, I conclude that Zach's allegations violate Federal Rules of Civil Procedure 8 and 20, because he does not explain how each of his claims belong in the same lawsuit and how each defendant was involved in violating his rights. I will dismiss Zach's complaint, but I will give him a chance to file an amended complaint that fixes these problems.

Zach identifies fifteen people as defendants and at least one "John Doe" defendant. His allegations generally fit into two categories:

- Prison officials withdrew money from his prison account even though his sentencing court did not order such withdrawals.

- Prison officials forced him to sleep on an unsafe upper bunk even though he had limited mobility after a back injury. He fell off the bunk and was injured.

I conclude that Zach's allegations, at least as they are presently written, violate Federal Rule of Civil Procedure 20, and many of his allegations violate Rule 8 as well. Under Rule 20, defendants cannot be joined together in a lawsuit unless the claims asserted against them arise out of the same occurrence or series of occurrences. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Zach's allegations do not meet these standards. At best, his allegations might properly belong in two separate lawsuits—one about the withdrawal of funds and the other about being

2

forced to sleep on an unsafe upper bunk. But even if he picks one of the two sets of claims listed above, he will not be able to proceed on claims against each of the state officials named as defendants without amending his complaint to explain how each separate event is related and how each defendant was involved.

One of the major problems with the complaint is that at many points Zach provides lists of defendants he says are responsible for depriving his rights in a certain way, but he does not actually say what each defendant did to harm him. The other major problem is that, as with one of his previous lawsuits, Zach attempts to connect his various allegations together by saying that all of defendants' alleged misdeeds are the result of prison officials' organized effort to retaliate against him for filing previous lawsuits. *See Zach v. Beahm*, No. 13-cv-849-bbc (W.D. Wis. Mar. 13, 2014).

To state a claim for retaliation under the First Amendment, a plaintiff must identify (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendant took the action he did against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009). But as with his previous lawsuit, Zach's allegations of retaliation are so vague that they fail to state a claim and thus cannot serve to connect his various underlying claims together under Rule 20. "A suit stuffed with allegations that the plaintiff has been subjected to a variety of constitutional violations without some hint of a basis for plaintiff's belief that a genuine conspiracy exists will not suffice to satisfy the requirements of Rule 20." *Wine v. Thurmer*, 2008 WL 1777264, *6 (W.D. Wis. Apr. 16, 2008).

I will give Zach a short time to submit an amended complaint that complies with these rules. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should avoid listing the names of several defendants and vaguely alleging that they violated his rights. Instead, he should explain what each defendant specifically did to violate his rights. And if he would still like to bring all of his claims together, he will need to explain how he knows that each defendant is retaliating against him, and how he knows that they are working together.

If Zach is unable to provide allegations explaining how each of the two categories of claims belong together, he will have to choose one set of allegations to pursue in this lawsuit, and then explain whether he would like to pursue the other set in a brand-new lawsuit, keeping in mind that he would owe another $350 filing fee for a second lawsuit.

ORDER

IT IS ORDERED that:

1. Plaintiff Thomas W. Zach's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rules of Procedure 8 and 20.

2. Plaintiff may have until June 25, 2018, to submit a proposed amended complaint more clearly detailing his claims as discussed above.

Entered June 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge