IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. ZACH,

            Plaintiff,

  v.

SCOTT HETH, ROBERT SCHENCK,                             ORDER
TROY HERMANS, SECURITY GUARD HANSEN,
R.N. GRAY, SECURITY GUARD KOHLOFF,              17-cv-693-jdp
MS. JACKIE, WELCOME ROSE,
BECKY RASMUSSEN, JOHN DOES NO. 1–2,
and NURSE JANE DOE.

            Defendants.

---

Plaintiff Thomas W. Zach, appearing pro se, alleges that prison officials retaliated against him in various ways while he was incarcerated. He brings claims under the First and Eighth Amendments to the United States Constitution and under a Wisconsin-law intentional-infliction-of-emotional-distress theory. Defendants have filed a motion to dismiss the intentional-infliction-of-emotional-distress claims, contending that Zach did not file those claims within the applicable three-year Wisconsin-law statute of limitations, Wis. Stat. § 893.57 ("Intentional torts"). *See* Dkt. 15.

Zach has responded by stating that he filed his lawsuit within the *six*-year statute of limitations. Although he does not cite a specific statute, I take him to be referring to the then-six-year limitation period applying to claims brought under 42 U.S.C. § 1983 in Wisconsin, § 893.53. *See, e.g., Gray v. Lacke*, 885 F.2d 399, 408–09 (7th Cir. 1989). But Zach's intentional-infliction-of-emotional-distress claims do not fall under this statute of limitations; they fall under § 893.57, which gives only a three-year period to file this type of a claim. *See Hammer v. Hammer*, 142 Wis. 2d 257, 260 n.4, 418 N.W.2d 23, 23 n.4 (Ct. App. 1987) (Section 893.57

applies to claims for intentional torts "such as "assault, battery or intentional infliction of emotional distress"). Zach's complaint details events that took place in 2011 and 2012, more than three years before he filed this lawsuit in 2017. So I will grant defendants' motion to dismiss Zach's Wisconsin-law intentional-infliction-of-emotional-distress claims. The case will proceed on Zach's First and Eighth Amendment claims only.

Zach also asks for a stay of all deadlines through October 12, 2019, because he will be providing around-the-clock care for his 90-year-old mother, who had knee replacement surgery in early July. Dkt. 19. I previously told Zach that I would consider extensions of court deadlines if Zach encounters health-based impediments to producing written documents or appearing in court. His current submission satisfies me that he will be unable to litigate the case while he cares for his mother. I note that we have already postponed the preliminary pretrial conference for Zach's recovery for his own surgery. Dkt. 10, at 2. I will direct the clerk to schedule the preliminary pretrial conference for a date soon after October 12, 2019, and barring other major health-related impediments I expect the case to proceed with the court's ordinary pace from there.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss plaintiff Thomas W. Zach's intentional-infliction-of-emotional-distress claims, Dkt. 15, is GRANTED.

2. Plaintiff's motion for a stay of proceedings, Dkt. 19, is GRANTED.

Entered August 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge